**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 05, 2018.**



_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| In re: FWLL, Inc. | Case No. 15-52071-CAG |
| Debtor. | Chapter 7 |
| RANDOLPH N. OSHEROW, Chapter 7 Trustee | |
| Plaintiff, | |
| v. | Adv. No. 16-05023 |
| TEXAS SILICA LOGISTICS JOINT VENTURE, ZSV, LLC, POTH ANDREW MCSTAY, AND DAVID ZEHR, M.D. | |
| Defendants | |

### FINAL JUDGMENT

This Judgment resolves the adversary causes of action brought by Plaintiff in the above-referenced Adversary Proceeding. This Court conducted a four-day trial on Plaintiff's adversary causes of action. Trial was concluded on November 9, 2017, and the Court took the matters

under advisement. Contemporaneously with entry of this Judgment, the Court has entered its Memorandum Opinion ("Memorandum Opinion").

In its Memorandum Opinion, the Court examined its jurisdiction and both statutory and constitutional authority to enter final judgment on each of Plaintiffs' causes of action. Pursuant to the United States Supreme Court's opinions in *Stern v. Marshall*, 564 U.S. 462, 487 (2011), and *Executive Benefits Insurance Agency v. Arkinson*, 134 S. Ct. 2165 (2014), and *Wellness Int'l Network, LTD, et al. v. Sharif*, 135 S. Ct. 1932 (2015) Plaintiff and Defendants all consented to entry of final order and judgment by the Bankruptcy Court. (ECF Nos. 12 and 13). This Final Judgment, therefore, disposes of all adversary causes of action.

For the reasons set forth in the Memorandum Opinion, the Court finds the following:

1. Plaintiff prevails against Zehr under Count I of the Amended Complaint the avoidance of a transfer to Zehr individually under 11 U.S.C. § 548 in the amount of $2,518, 394.09.

2. Plaintiff prevails against Zehr under Count II of the Amended Complaint for the avoidance of a fraudulent transfer to Zehr in the amount of $2,518,394.09 for a fraudulent transfer under 11 U.S.C. § 544 and the Texas Uniform Fraudulent Transfer Act..

3. Plaintiff does not prevail under Count III of the Amended Complaint for avoidance of the transfer of the Agreed Judgment to ZSV and Zehr under 11 U.S.C. § 548.

4. Plaintiff does not prevail under Count IV of the Amended Complaint for avoidance of the transfer of the Agreed Judgment to ZSV and Zehr under 11 U.S.C. § 544 and TUFTA.

5. Plaintiff does not prevail under Counts V, VI, and VII of a preference pursuant to 11 U.S.C. § 547(b) to TSL and ZSV of the transfer in the amount of $2,518,394.09 and the Agreed Judgment.

6. Plaintiff does not prevail under Count VIII because the Trustee's request to pierce ZSV's corporate veil or disregard ZSV's corporate separateness is moot.

7. With respect to Count IX, the Trustee may file his request for attorney's fees and costs as permitted under Fed. R. Civ. P. 54, Fed. R. Bank. P. 7054, and Local Rule 7054.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiffs prevail against Zehr under Counts I and II.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that a take-nothing judgment is entered for Plaintiffs under Counts III, IV, V, VI, and VII.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendant Zehr is directed to assign the Agreed Judgment to the Trustee.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Trustee may file his request for attorney's fees and costs as permitted under Fed. R. Civ. P. 54, Fed. R. Bank. P. 7054, and Local Rule 7054.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all other relief not specifically granted herein is DENIED.

# # #